UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**DILLIN JENSEN and REBECCAH JENSEN,**<br><br>Debtors. | Case No. 24-40424-NGH |
| **DILLIN JENSEN, REBECCAH JENSEN, and ROCKET MORTGAGE, LLC as intervenor,**<br><br>Plaintiffs,<br><br>v.<br><br>**SCOTT PINKHAM and NATALIE PINKHAM,**<br><br>Defendants. | Adv. No. 24-08035-NGH |

### MEMORANDUM OF DECISION

In this adversary proceeding, Dillin and Rebeccah Jensen ("Debtors") seek a declaration that Scott and Natalie Pinkhams' judgment lien is invalid, rendering their claim unsecured and subject to discharge and establishing Rocket Mortgage, LLC's ("Rocket") deed of trust as a first position lien. The Pinkhams filed a motion for summary judgment on all issues. Doc. No. 10. The Debtors objected. Doc. No. 13. After intervening, Rocket filed a cross-motion for summary judgment. Doc. No. 29. The Court heard arguments on March 24, 2025, and took the matters under advisement. After

MEMORANDUM OF DECISION - 1

considering the record, arguments, and applicable law, the following constitutes the Court's findings, conclusions, and disposition of the issues. Fed. R. Bankr. P. 7052.

**FACTS**[1]

In April 2020, the Pinkhams filed a state court action against several parties including debtor Rebeccah Jensen (the "Construction Case"). The Pinkhams later amended their complaint to add Doug Hall as a defendant. On January 11, 2021, the state court entered a default judgment against Jensen and others in favor of the Pinkhams (the "Default Judgment"). The Default Judgment neither adjudicated the claims against Doug Hall nor contained a certification pursuant to Rule 54(b) of the Idaho Rules of Civil Procedure. The Pinkhams recorded the Default Judgment in Bonneville County on January 25, 2021.

Not long after, Debtors obtained a loan from Rocket, which they used to pay off a deed of trust held by Eagle Bank & Trust. Rocket secured the loan by recording a new deed of trust against Debtors' property on February 17, 2021. In April 2021, the Pinkhams filed a state court action against Debtors and Rocket seeking to foreclose on their asserted judgment lien (the "Foreclosure Case"). Rocket moved for summary judgment that its deed of trust had priority over the Pinkhams' lien under the doctrine of equitable subrogation, which the court denied.

---

[1] The parties do not dispute the material facts. These facts are taken from the statement of undisputed facts the Pinkhams filed with their motion for summary judgment (Doc. No. 10-1) and the statement of undisputed facts Rocket filed with its cross-motion (Doc. No. 29-2). While the parties disagree with one another's characterizations to the extent they contain legal arguments or conclusions, they agree on the underlying facts.

MEMORANDUM OF DECISION - 2

Meanwhile, the parties in the Construction Case engaged in a protracted appeals process related to the Default Judgment. In July 2021, the Idaho Supreme Court entered an order conditionally dismissing the defendants' appeal because the Default Judgment was "not a final, District Court judgment as to all parties listed in the title, pursuant to I.R.C.P. 54(a)(1), nor, was the Judgment accompanied by an I.R.C.P. 54(b) Certificate." Shortly thereafter, the defendants asked the district court to certify the Default Judgment under I.R.C.P. 54(b) so they could proceed with an appeal. On August 12, 2021, the district court certified the Default Judgment. The Pinkhams did not record the certified Default Judgment. Eventually, the Idaho Supreme Court affirmed entry of the Default Judgment. The Debtors' bankruptcy filing stayed the state court Foreclosure Case.

## ANALYSIS

### A.   Abstention

In their reply brief, the Pinkhams ask the Court to abstain from resolving this adversary proceeding if there is any doubt about their judgment lien's validity. *See* Doc. No. 32. Pursuant to Federal Rule of Bankruptcy Procedure 5011(b), "Rule 9014 governs a motion asking the court to abstain from hearing a proceeding under 28 U.S.C. § 1334(c)." The Pinkhams never filed the required motion under Rule 9014(a), making the issue procedurally improper. Even properly raised, the Court would deny abstention given the parties' extensive participation and the case's advanced stage. Abstaining now would needlessly delay resolution, increase costs, and avoid issues squarely within this Court's jurisdiction.

MEMORANDUM OF DECISION - 3

B.  **Summary Judgment**

1.  **Standard**

Federal Rule of Civil Procedure 56(a), made applicable by Federal Rule of Bankruptcy Procedure 7056, provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." An issue of fact is "genuine" if there exists sufficient evidence for a reasonable finder of fact to find in favor of the non-moving party, and a fact is "material" if it might affect the outcome of the case. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986)). "It is well-settled in this circuit and others that the filing of cross-motions for summary judgment, both parties asserting that there are no uncontested issues of material fact, does not vitiate the court's responsibility to determine whether disputed issues of material fact are present." *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The court must evaluate each motion separately, "giving the nonmoving party in each instance the benefit of all reasonable inferences." *ACLU of Nevada v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003). If a moving party properly supports a motion for summary judgment and the nonmovant does not set forth specific facts showing a genuine issue for trial, summary judgment must be entered. Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.

2.  **Secured Interests and Priorities**

The Pinkhams seek summary judgment declaring their judgment lien valid and entitled to priority over Rocket's deed of trust under Idaho law. Rocket seeks summary

MEMORANDUM OF DECISION - 4

judgment, asserting the Pinkhams do not hold a valid judgment lien. Therefore, Rocket asserts its deed of trust is in first position, while Pinkhams' claim is unsecured and subject to the discharge in Debtors' bankruptcy case.

### a. Secured Interests

The Court first considers the nature and extent of the parties' respective interests in Debtors' property. The Pinkhams do not challenge the validity of Rocket's lien, which attached to the property when it recorded its deed of trust on February 17, 2021. Rather, both parties focus on the Pinkhams' asserted judgment lien. As stated above, the state court entered the Default Judgment in favor of the Pinkhams on January 11, 2021. According to the Pinkhams, they obtained a judgment lien against Debtors' property when they recorded the Default Judgment on January 25, 2021. Rocket does not challenge the Default Judgment itself but argues it lacked the enforceability necessary to create a lien because it was not a final judgment when recorded.

To obtain a judgment lien, a judgment creditor must comply with Idaho Code § 10-1110, which provides, in pertinent part:

> A transcript or abstract of any judgment or decree of any court of this state or any court of the United States *the enforcement of which has not been stayed as provided by law*, if rendered within this state, certified by the clerk having custody thereof, may be recorded with the recorder of any county of this state, who shall immediately record and docket the same as by law provided, and from the time of such recording, and not before, the judgment so recorded becomes a lien upon all real property of the judgment debtor in the county, not exempt from execution, owned by him at the time or acquired afterwards at any time prior to the expiration of the lien . . . .

MEMORANDUM OF DECISION - 5

(emphasis added). As observed by the Idaho Supreme Court, "[o]btaining [a] lien by recording the judgment is simply a step in seeking to enforce payment of the judgment."[2] *Golub v. Kirk-Scott, Ltd.*, 342 P.3d 893, 901 (Idaho 2015). The statute thus provides for the recording of an enforceable judgment in order to create a judgment lien, and to be enforceable, a judgment must be final. *See id.* at 902–03. *See also Bach v. Dawson*, 268 P.3d 1189, 1192 (Idaho Ct. App. 2012). For example, "an uncertified partial summary judgment, not being final or appealable, will not support a writ of execution."[3] *Munden v. Bannock Cnty.*, 504 P.3d 354, 374 (Idaho 2022) (quoting *CIT Fin. Servs. v. Herb's Indoor RV Ctr.*, 702 P.2d 858, 859 n.1 (Idaho Ct. App. 1985)) (considering execution under I.R.C.P. 69 and holding district court erred in issuing writ of execution before entry of final appealable judgment). Thus, the Court turns to whether the Default Judgment was final when the Pinkhams recorded it.

A document must comply with I.R.C.P. 54(a) to qualify as a final judgment. *See Wickel v. Chamberlain*, 363 P.3d 854, 859 (Idaho 2015) (holding motion for reconsideration was timely because document purporting to be a final judgment contained information prohibited by I.R.C.P. 54(a) and, therefore, final judgment had not been entered in the case). Importantly for this case, I.R.C.P. 54(a) establishes two paths to finality: either certification of a partial judgment under Rule 54(b)(1) or entry of

---

[2] "There can be a debt without a lien but there can be no lien without a debt, because the lien is merely to secure or enforce payment, perforce payment of a debt." *Platts v. Pac. First Fed. Sav. & Loan Ass'n of Tacoma*, 111 P.2d 1093, 1096 (Idaho 1941) (Givens, J., concurring).

[3] I.R.C.P. 69(a) provides: "An appealable final judgment, or a partial judgment if certified as final under Rule 54(b), for the payment of money, or a court order for the payment of money, is enforced by a writ of execution unless the court directs otherwise."

MEMORANDUM OF DECISION - 6

judgment on all claims against all parties, except costs and fees, asserted by or against all parties in the action.

Here, when the state court entered the Default Judgment, the claims against Doug Hall remained unresolved. Under I.R.C.P. 54(a), the Default Judgment would have therefore required I.R.C.P. 54(b) certification to become final. Because the district court had not certified the Default Judgment as final, it did not constitute a final judgment when entered on January 11, 2021.[4]

Notwithstanding I.R.C.P. 54(a), the Pinkhams advance several theories as to why the Default Judgment was final when entered on January 11 and, as such, their January 25 recording created a judgment lien. None of their arguments are compelling.

First, the Pinkhams claim finality because the Default Judgment resolved all claims against the defaulting defendants and the parties treated it as final. As discussed above, this position is plainly at odds with I.R.C.P. 54(a). And I.R.C.P. 54(b) is clear that unless the district court properly certifies a partial judgment as final, "any judgment, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." As a practical matter, deviating from the formal requirements of I.R.C.P. 54 may create perverse incentives or leave parties and courts

---

[4] Indeed, the Idaho Supreme Court reached the same conclusion when it conditionally dismissed the defaulting defendants' appeal in the Construction Case.

MEMORANDUM OF DECISION - 7

without a clear date from which to calculate the time to appeal[5] or the time to renew judgments and judgment liens.[6] *See Bach v. Dawson*, 268 P.3d 1189, 1192 (Idaho Ct. App. 2012) (concluding the time for renewing judgments and liens is based on entry of a final, appealable judgment because confusion about when a particular party's judgment was entered could easily emerge, especially in multi-party disputes where entries of default and partial judgments have occurred over several years).

Second, the Pinkhams argue that the district court did not enter a new judgment but instead entered the certification *nunc pro tunc* to correct the Default Judgment entered on January 11. This position also fails. While it is substantively identical to the Default Judgment entered on January 11, there is nothing to suggest the district court entered the certification *nunc pro tunc*. The certified Default Judgment was signed and dated August 12 and was entered by the court the same day.[7] Additionally, the Court discerns no conceivable basis for *nunc pro tunc* certification. In Idaho, "[a] judgment or order can be entered *nunc pro tunc* only to correct what the court intended to do, but failed to do as a result of the court's accident, excusable oversight, or mistake." *Horton*

---

[5] I.R.C.P. 14(a) requires a notice of appeal be filed within "42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right." A final judgment or a partial judgment certified as final is appealable as a matter of right under I.R.C.P. 11.

[6] Under Idaho Code § 10-1110, a lien created by recording a judgment continues ten years from the date of judgment, unless the judgment is satisfied or its enforcement is stayed. Idaho Code § 10-1111 provides for the renewal of judgments and judgment liens.

[7] The I.R.C.P. 54(b) certification, which is also dated August 12, 2021, reads: "With respect to the issues determined by the above partial judgment it is hereby CERTIFIED, in accordance with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the above partial judgment is a final judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules."

MEMORANDUM OF DECISION - 8

*v. Horton*, 518 P.3d 359, 369 (Idaho 2022) (quoting *Taylor v. Chamberlain*, 302 P.3d 35, 40 (Idaho 2013)).  A court "cannot enter an order or judgment *nunc pro tunc* to correct an error made by a party." *Taylor*, 302 P.3d at 40.  The Pinkhams' motion for entry of default judgment in the Construction Case did not seek I.R.C.P. 54(b) certification, and the defaulting defendants' motion for certification did not request the district court enter the certification *nunc pro tunc* or allege any cause to do so.[8]  Thus, it is clear the certified Default Judgment entered by the district court on August 12 was a final judgment that the Pinkhams could have enforced.  But the Pinkhams did not record the August 12 certified Default Judgment.

Finally, the Pinkhams assert Rocket's argument that the Default Judgment did not create a lien "simply because it was not certified" is incompatible with the Idaho Supreme Court's decision in *Golub v. Kirk-Scott, Ltd.*, 342 P.3d 893 (Idaho 2015).  The Pinkhams' reliance on *Golub* is misplaced.  Like here, the plaintiffs in *Golub* obtained a default judgment against all but one defendant in a state court action.  "Because [plaintiffs'] claim against [defendant] remained unresolved" when the court entered the default judgment, "[plaintiffs] would have required a Rule 54(b) certificate to enforce their judgment then." *Id.* at 902.  The plaintiffs were in the process of obtaining I.R.C.P. 54(b) certification when one of the defaulting defendants filed a bankruptcy petition, which stayed the proceedings.  Importantly, in the meantime, the state court dismissed the claims against the remaining defendant. *Id.* at 902–03.  After the bankruptcy case was

---

[8] As noted by Rocket, the Court questions whether it would have been in defendants' interests to request such retroactive relief.

MEMORANDUM OF DECISION - 9

dismissed and the automatic stay terminated, the plaintiffs recorded the uncertified default judgment as a lien on the defaulting defendant's property. *Id.* at 903.

Kirk-Scott, Ltd., also claiming an interest in the property, argued the plaintiffs did not hold a valid judgment lien because the default judgment was not certified and thus, was not a final judgment. Even though it was not certified, the court held the plaintiffs validly recorded the default judgment as a lien because, as "there were no other defendants and no other claims at that point, the judgment became final under Rule 54(a)." *Id.* In other words, at the time of recording, the judgment was final because all claims against all parties had been adjudicated. Like in *Golub*, the Pinkhams recorded an uncertified default judgment as a lien. But significantly, unlike in *Golub*, the Pinkhams' Default Judgment was not final under I.R.C.P. 54(a) when recorded because all claims against all parties had not been adjudicate.[9]

In short, the recordation of the Default Judgment on January 25, 2021, did not comply with the requirements of Idaho Code § 10-1110 to create a judgment lien because the Pinkhams did not hold or record a final, enforceable judgment.[10] Therefore, the Pinkhams do not hold a valid judgment lien under Idaho law, and their claim is unsecured and subject to discharge.[11] Rocket is entitled to summary judgment on that issue.

---

[9] The Pinkhams relied on *Golub* for various propositions throughout their pleadings and at the hearing on March 24. To the extent the Pinkhams rely on *Golub* to support their argument that the judgment lien was nevertheless valid when recorded because the Default Judgment became final via certification, their reliance is misplaced.

[10] The Pinkhams argue that in denying Rocket's motion for summary judgment in the Foreclosure Case, the district court determined that the Pinkhams held a valid judgment lien entitled to priority, and that determination is persuasive. However, the order denying summary judgment is not a final judgment that may be given preclusive effect, and the Court does not find it persuasive.

[11] The Court entered a discharge in Debtors' main bankruptcy case on October 22, 2024.

MEMORANDUM OF DECISION - 10

      b.     Priorities

Next, the Pinkhams argue Rocket cannot take priority as a subsequent encumbrancer because Rocket had knowledge of the judgment lien and recorded its interest after the Pinkhams.  However, because the Pinkhams did not comply with Idaho Code § 10-1110 to create a valid judgment lien, Rocket's deed of trust is the sole encumbrance on Debtors' property, and Idaho's race-notice statute is not implicated.[12]  Therefore, Rocket is entitled to summary judgment declaring its deed of trust in first position.

**CONCLUSION**

For the reasons set forth above, the Court will deny the Pinkhams' motion for summary judgment and grant Rocket's cross-motion for summary judgment.  Rocket shall submit an order consistent with this Decision.  And, as it appears such order will resolve all issues in the adversary proceeding, Rocket shall also submit a proposed form of judgment.

DATED:  April 30, 2025



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

---

[12] Idaho Code § 55-606, which governs the priority of interests in real property, provides: "Every grant or conveyance of an estate in real property is conclusive against the grantor, also against every one subsequently claiming under him, except a purchaser or encumbrancer, who in good faith, and for a valuable consideration, acquires a title or lien by an instrument or a valid judgment lien that is first duly recorded."

MEMORANDUM OF DECISION - 11